CHIEF JUSTICE HARDIN
delivered the opinion oe the court.
The appellant, Harriet Warner, having recovered a judgment for more than twenty-six hundred dollars against S. S. Bush, caused an execution to be issued thereon and placed in. the sheriff’s hands on the 24th day of November, 1868, which was returned by that officer in April, 1869, indorsed, in substance, “No property found.” She afterward brought this suit in equity against Bush and others, seeking to discover and subject to the satisfaction of her claim the property and choses in action of the debtor, and alleging, with that object, that J. M. Bryant and John S. Seaton, who were made defendants, were indebted to Bush “ in an amount sufficient to satisfy” her judgment; praying that they might “be required to answer and discover any debt due said Bush by them severally, and what property, if any, of said Bush they severally” held, and for judgment against them “ severally.”
The plaintiff subsequently amended her petition, averring, in effect, that when her execution came to the hands of the sheriff Bush was the owner of a tract of about twenty-nine acres of land in Jefferson County, which was subject to the execution, it having been sold and conveyed to him by Joseph Tiebens by a deed duly acknowledged and delivered to Bush, and lodged in the Jefferson County Court clerk’s office, although never recorded; and that said Bryant, being a creditor of Bush, on or before the 8th of December, 1868, and he and Bush, *214 “ combining to wrong and defraud plaintiff, and to defeat her lien for her said debt acquired by law under the said execution of fieri /acias, then in the hands of said sheriff, upon the said tract of land, and for the purpose of paying to said Bryant the debt of said Bush to him, did wrongfully, unlawfully, and fraudulently” withdraw said deed from the clerk’s-office and destroy it; and that on said 8th of December, 1868, “said. Bryant and Bush, with the purpose aforesaid, did wrongfully and fraudulently procure the said Joseph Tiebens to make a conveyance by deed of general warranty” to Bryant, for the consideration of six thousand dollars which Bryant paid, in discharge of the debt of Tiebens and his lien on the land as against Bush; and that on the same day, and in pursuance of the said purpose “.of wronging and defrauding the plaintiff,” Bryant conveyed the land to Henry Deppin for the sum of eighty-five hundred dollars which Deppin paid him, thus obtaining an excess over the debt of Bush to Tiebens of twenty-five hundred dollars, which the plaintiff claimed should be adjudged to her, as subject to her superior equity over the claims of Bryant against Bush, even if the court should sustain the conveyance to Deppin and protect Bryant in his payment of six thousand dollars to Tiebens.
Bryant, in his defense, denied that he was indebted to Bush, or was the holder of money, property, or choses in action belonging to him. He admitted the execution and delivery of the deed from Tiebens to Bush, and its subsequent destruction with the consent of Bush and Tiebens; and that Tiebens thereupon made a deed to him instead of Bush for, the six thousand dollars Bush owed to Tiebens; and that he sold and conveyed the land to Deppin for eighty-five hundred dollars. But he in effect denied that he participated with Bush in the withdrawal and destruction of his deed, or combined with 'him to defraud the plaintiff, or that any part or either of said transactions was fraudulent, or that he even knew at *215 the time of the existence of the debt, judgment, or execution of the plaintiff. .'
The court, on the hearing, dismissed the action as to Bryant and Deppin; and Seaton having failed to answer, the allegations of the petition were taken as admitted by him, and the court thereupon rendered judgment against him as a garnishee for the amount of the plaintiff’s claim.
From that judgment as to Bryant and Deppin the plaintiff Harriet Warner has appealed to this court, and upon the same record Seaton has also appealed. Both appeals will be determined by this opinion.
1. On the appeal of Harriet Warner the case will be considered with particular reference to the charge of fraud on the part of Bryant as affecting the legal or equitable rights of the appellants. It clearly appears from the testimony of Bush and Tiebens, and, we think, also from the answer of Bryant, that before the appellants’ execution came to the sheriff’s hands Tiebens had conveyed the land to Bush, reserving only a lien for the unpaid consideration of six thousand dollars; and the deed had been accepted, and was either in the possession of Bush or lodged in the county court clerk’s office for record when the execution came into the sheriff’s hands. Unquestionably therefore a lien on the land attached in favor of the appellant, subject to the paramount lien of Tiebens, which might and, we may infer, would have been rendered effectual by a levy of the execution if the sheriff had had knowledge of the deed; and it is but reasonable to suppose that the title of Bush would have been discovered and subjected under the execution, if the deed had been retained and left in the proper office for record.
But conceding this, and admitting also that Bush, who must have known of the existence of the lien of the appellant, acted fraudulently in entering into the arrangement in which his own deed was canceled, or rather his title sup *216 pressed, and that the other conveyances were made with the effect of paying to Bryant two thousand five hundred dollars, which might otherwise have been realized by the appellant under her execution, nevertheless Bryant incurred no liability to the appellant by accepting the deed of Tiebens, if he did so, as he alleges, without notice of the judgment and execution of the appellant, and without participation with Bush in an attempt to defraud his creditors.
It does not appear that Bryant had notice of the appellant’s judgment and execution, unless it be deduced from the records of the court in which the judgment was rendered; but waiving the question whether or not he acted without' knowledge of the particular debt and lien of the appellant, we are of opinion that he can not escape responsibility to her in this case if, in contemplation of Bush’s insolvency and to gain for himself ah unjust advantage over other creditors of Bush, he participated in- Bush’s fraud by becoming ostensibly the purchaser of the land from. Tiebens, the deed to Bush being destroyed for that purpose and another made to him, to enable him to realize by the sale to Deppin two thousand five hundred dollars, as paid on Bush’s indebtedness to him; for if, by his participation with Bush in defrauding a class of creditors which included the appellant, she was prevented from having her lien made effectual by a levy and sale of the land under her execution, simple equity would seem to require at least that he be treated as holding in trust for her the money so unjustly obtained. (2 Story’s Eq. Jur., sec. 1265.)
It plainly appears from the testimony of Bush and Tiebens that Bryant undertook for Bush to effect a sale of the land, and thus discharge the debt and lien of Tiebens; and it sufficiently appears from the testimony of Tiebens that he was negotiating the sale - to Deppin before the deed of Bush was destroyed, and he, by another deed, was substituted for Bush as the purchaser of the land.
*217 That he had a personal interest in these transactions is manifest from the admitted facts that he was a creditor of Bush, and realized for himself from the sale to Deppin twenty-five hundred dollars more than he paid to Tiebens. Though the conveyance to Bryant and Deppin may have estopped Bush from asserting title in opposition to the claim of Deppin, the destruction of the deed to Bush did not legally divest him of his title to the land. (2 Washburn on Real Property, page 616.)
The assent of Bryant to the suppression of the title of Bush by the destruction of his deed and his acceptance of another’s deed to himself are therefore badges of fraud. It sufficiently appears that Bush was insolvent at the time ; and if his title had been transmitted openly of record, in the mode prescribed by law, it would still be difficult to resist the conclusion that the active agency of Bryant in effecting the sales was prompted by a purpose to acquire an advantage for himself over other creditors of Bush; and, under all the circumstances developed in this case, we can attribute the unusual and irregular mode adopted for disposing of Bush’s interest in the land to no other probable cause than a fraudulent arrangement between Bush and Bryant to defeat, for the benefit of the latter, the enforcement of rights already existing in other creditors by a levy and sale of the land.
We are constrained to conclude therefore that the appellant is entitled to relief to the extent of the excess of the price of the land received from Deppin over the amount of the debts of Tiebens, and the court should so have adjudged.
2. On the appeal of Seaton, the judgment against him must be reversed, for the reason that, regarding the allegations of the petition as admitted by him, they import no more as to him than a separate indebtedness to Bush, which, together with the alleged separate indebtedness of Bryant to him, was in amount sufficient to satisfy the plaintiff’s judgment, and *218 not that he was separately or jointly with Bryant indebted to Bush in that amount.
Wherefore on the appeal of Harriet Warner the judgment is reversed, and it is also reversed on the appeal of Seaton, and the cause is remanded for a judgment for the plaintiff against Bryant, as herein indicated; and the plaintiff may be allowed' to amend her petition as against Seaton, or have a rule to compel him to discover the amount of his indebtedness to Bush, that it may be subjected toward the satisfaction of her debt.